WM. A. ROGERS, Limited, v. COHANNET SILVER CO.

(Circuit Court, D. Massachusetts. November 23, 1910.)

No. 718.

Trade-Marks and Trade-Names (§ 95*)—Misuse—Deception of Public.

Where defendant silver company, without color of right, used the name "Rogers" on the silver-plated ware of its manufacture, and had acquired no right to use the name, derived either from the original Rogers companies, or the subsequent legitimate users of the name, but used it solely to mislead and defraud the public, complainants, having a qualified property right therein, were entitled to a preliminary injunction to restrain such use.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

---

In Equity. Suit by William A. Rogers, Limited, aginst the Cohannet Silver Company, to restrain defendant's use of the word "Rogers" on silver-plated ware. Motion for preliminary injunction granted.

F. P. Warfield, Holland S. Duell, and Duell, Warfield & Duell, for complainant.

Albert P. Worthen and George A. Rockwell, for defendant.

COLT, Circuit Judge. There can be no question that the right to the use of the name "Rogers" upon silver-plated ware is regarded as a valuable property right. This is shown by the history of the prior litigation involving this right and by the proofs in the case at bar.

The complainant has a qualified property right in such use. This was decided by the Circuit Court of Appeals for the Second Circuit in 1895 in the case of Rogers v. Wm. Rogers Manufacturing Company, 70 Fed. 1019, 17 C. C. A. 575.

The defendant has no color of right to the use of the name "Rogers" upon the silver-plated ware which it manufactures. It has no right to use the name, derived from the original Rogers companies or the subsequent legitimate users of the name. Nor has any one by the name of Rogers any interest in the defendant company.

The use of the name "Rogers" by the defendant is deceptive and untrue. It leads the public to believe that its silver-plated ware is manufactured by a legitimate Rogers Company, or by a company entitled to the use of the name, which is contrary to the fact. The sole purpose of the defendant's use of this name seems to be to convey a false impression to the public.

Since the use of this name by the defendant is misleading, and since its selection was for the purpose of illegitimate competition, its use should be enjoined.

The motion for a preliminary injunction is granted.