## WM. A. ROGERS, Limited, v. NICHOLS et al.

(Circuit Court of Appeals, First Circuit. June 18, 1915.)

No. 1107.

1. TRADE-MARKS AND TRADE-NAMES ☞90—INFRINGEMENT—ACTIONS—JURISDICTION.

Personal liability of officers of a corporation for damages for infringement of a trade-mark is not enforceable in equity as a sole and single ground of equitable relief.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 100; Dec. Dig. ☞90.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRADE-MARKS AND TRADE-NAMES ⊕⇒91—INFRINGEMENT—PARTIES.

    In a suit against the officers of a corporation to restrain them from infringing a trade-mark and for damages, the corporation alleged by complaint to have been formed in pursuance of a conspiracy by the officers is an indispensable party, since the ordinary right of corporate trade through officers may not be restrained through injunction on that ground, without giving the corporation an opportunity to be heard.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 101; Dec. Dig. ⊕⇒91.]

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit by William A. Rogers, Limited, against John J. Nichols and another, for an injunction to restrain defendants from infringing a trade-mark and for damages. From a decree denying relief, complainant appeals. Affirmed.

H. S. Duell, of New York City (Charles H. Duell and Frederick P. Warfield, both of New York City, and George P. Dike, of Boston, Mass., on the brief), for appellant.

George A. Rockwell, of Boston, Mass., for appellees.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. The complainant, Wm. A. Rogers, Limited, is a corporation organized under the laws of the province of Ontario, in the dominion of Canada, having its principal place of business at Toronto, and having offices and places of business and manufacturing establishments at Niagara Falls, in New York, and Northampton, in Massachusetts.

The defendants herein, John J. Nichols and William E. McIsaac, are citizens of Massachusetts, and, according to the bill of complaint, are officers and directors in the H. O. Rogers Silver Company, a corporation organized under the laws of the state of Rhode Island, and the corporation of which they are officers is not a party. The relief sought is for an injunction or restraining order against the defendants and damages.

The bill was dismissed upon the ground that the corporation was an indispensable party. Manifestly an injunction against agents of a corporation operating under the right of trade in different states would affect the interests of the corporation, and its interests being thus involved, the corporation would be entitled to be heard, and that being so, it is an indispensable party.

[1, 2] While the cases are numerous in which directors of corporations have been held personally liable for damages in actions of law for acts of infringement, we do not understand that such personal liability is one enforceable in equity as a sole and single ground of equitable relief. It is quite likely, if a situation were presented in which an injunction were admissible, that, as an incident of such familiar equitable relief, damages would be ascertained and established. But an injunction ought not to be issued in the case before us,

because restraint upon the officers of the corporation would directly affect the corporate right of trade, and an invasion of such a right of trade, through injunction, ought not to be made without hearing the corporation.

There are exceptional cases in which officers of corporations have been restrained in instances where the corporation was not a party, but we do not think they apply to the situation here.

Judge Dodge points out in his opinion that the distributive ownership of the stock is not made clear by the bill, and in effect that the acts complained of are stated to be the acts of the corporation, and that there is no apt allegation that the defendants were personally doing the things complained of.

While we do not question the correctness of this interpretation of the allegations of the bill, we think the stronger ground is that the complainant, the Wm. A. Rogers corporation, alleges in effect that the H. O. Rogers Rhode Island corporation, of which the defendants are officers, is a fictitious one, and in effect that the state of Rhode Island corporation was created through conspiracy. To be more exact, the bill alleges:

"That in furtherance of said conspiracy (a conspiracy which the bill had previously set out in detail) said Nichols and said McIsaac thereupon caused to be incorporated under the laws of Rhode Island the H. O. Rogers Silver Company."

This allegation is followed by a further description of the character of the conspiracy complained of.

According to our view, for purposes of injunction, the bill puts in issue the question whether the Rhode Island corporation is fraudulent and fictitious, and thus the issue tendered presents a vital question, upon which the corporation, which was brought into existence under the forms of state law, is entitled to be heard, and under such circumstances we think the corporation is an indispensable party. As to what the appropriate remedy would be for trying a question whether corporate authority was obtained through fraud and conspiracy, we make no suggestion; but we think it perfectly clear that the ordinary right of corporate trade, through agents and officers, should not be restricted through injunction, upon that ground, without giving the corporation an opportunity to be heard in some appropriate proceeding.

The suggestion has been made that, if this proceeding is not sustained, the result will be a practical denial of justice. Quite likely that question is not before us, but it seems obvious that a proceeding in Rhode Island against the corporation, its officers and directors, would give the complainant such relief as it is entitled to.

The decree of the District Court is affirmed, with costs of this court.