WM. A. ROGERS, Limited, v. H. O. ROGERS SILVER CO. et al.

(District Court, D. Rhode Island. July 11, 1916.)

1. CORPORATIONS ☞506—ACTIONS—NECESSARY PARTIES—AGENTS OF CORPORATION.

Where a corporation, a resident of the district, was duly served in an unfair competition case, officers and agents of the corporation, who were nonresidents, are not essential parties, as a judgment against the corporation will be binding on its officers and agents.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1958–1970; Dec. Dig. ☞506.]

2. TRADE-MARKS AND TRADE-NAMES ☞73(2)—UNFAIR COMPETITION—WHAT CONSTITUTES.

The individual defendants secured the incorporation of a company, which was enjoined from using the name "Rogers" in connection with silver-plated ware. Thereafter the individual defendants associated with themselves a skilled silver worker, named H. O. Rogers, who was without capital and without an established reputation as a manufacturer, and formed a corporation known as the H. O. Rogers Silver Company, making Rogers its president, though he in fact was given only a few shares of the stock and exercised no control over the corporation. The new corporation began to manufacture silver-plated ware, using the name "Rogers" in connection with it. Held, that the corporation was engaged in unfair competition, and will be enjoined from using the name "Rogers," under which name complainant had established a reputation for the manufacture of silverware.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. ☞73(2).]

3. TRADE-MARKS AND TRADE-NAMES ☞86—UNFAIR COMPETITION—OFFENSES—LACHES.

Complainant's delay in securing an injunction against the corporate defendant's use of the name "Rogers" in connection with plated silverware does not amount to laches, where in the interim complainant was endeavoring to secure relief against the individual defendants, who controlled the corporation.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 95; Dec. Dig. ☞86.]

In Equity. Bill by William A. Rogers, Limited, against the H. O. Rogers Silver Company and John J. Nichols and another, as officers

and directors thereof. On petition for preliminary injunction. Injunction granted against the corporate defendant.

Duell, Warfield & Duell, of New York City (R. W. France, of New York City, of counsel), for plaintiff.

Stanley P. Hall, of Taunton, Mass., for defendants.

BROWN, District Judge. This is a petition for a preliminary injunction against infringement of trade-marks, and unfair competition in the use of the word "Rogers" in connection with silver-plated ware.

The sworn bill and affidavits filed in support of the petition set forth that the individual defendants, McIsaac and Nichols, are citizens of Massachusetts, resident in Taunton, Mass.; that they procured the corporation of the Cohannet Silver Company, with its principal place of business at Taunton; that this company was enjoined from the use of the word "Rogers" upon silver-plated ware on the ground that such use was deceptive and untrue. See Wm. A. Rogers, Ltd., v. Cohannet Silver Co. (C. C.) 186 Fed. 241, November 23, 1910.

It appears that subsequently the defendants McIsaac and Nichols, with one H. O. Rogers, procured the incorporation of the H. O. Rogers Silver Company in Rhode Island, though its place of business, like the Cohannet Silver Company's, was in Taunton, Mass.

From the answering affidavits of Nichols, treasurer, and McIsaac, secretary, it appears that the men interested were "without any capital to speak of" and proceeded with borrowed capital.

In September, 1914, the complainant filed in the District Court of the United States for the District of Massachusetts a bill against the present defendants. The H. O. Rogers Silver Company, a Rhode Island corporation, appeared specially, objecting to the jurisdiction; and on November 3, 1914, the bill was dismissed as to that defendant for lack of jurisdiction. Thereafter the defendants McIsaac and Nichols moved that the bill be dismissed as against them, upon the ground that the H. O. Rogers Silver Company was an indispensable party. This motion was granted, and a decree of dismissal was entered, which, upon appeal, was affirmed.

The opinion of the Circuit Court of Appeals, filed June 18, 1915, is reported in Wm. A. Rogers, Ltd., v. Nichols et al., 224 Fed. 415, 139 C. C. A. 643. The concluding sentence of that opinion is as follows:

"The suggestion has been made that, if this proceeding is not sustained, the result will be a practical denial of justice. Quite likely that question is not before us, but it seems obvious that a proceeding in Rhode Island against the corporation, its officers and directors, would give the complainant such relief as it is entitled to."

[1] The complainant thereupon filed its bill in this court against the same defendants, on February 12, 1916. The defendants again move to dismiss—McIsaac and Nichols on the ground that they have not been served in and are nonresidents of this district, but are residents of Massachusetts, and the H. O. Rogers Silver Company on the ground that Nichols and McIsaac are indispensable parties. It does not follow from the Massachusetts decision that McIsaac and Nichols are necessary parties to a bill against the corporation. The corporation appears

to have been properly served, and a judgment against the corporation will be binding upon its officers and agents.

[2] It sufficiently appears from the answering affidavits of Nichols and McIsaac that the name "H. O. Rogers Silver Company" was deliberately chosen after the defendants Nichols and McIsaac had full knowledge that the use of the name "Rogers" in connection with silver-plated ware would naturally lead to deception.

It appears that H. O. Rogers was a skilled silver worker; but he was without capital and without established reputation as a manufacturer, and there seems to have been no sufficient reason for making him president and director of the corporation. While the affidavits allege that this was done in good faith, and because neither the name of Nichols nor that of McIsaac was appropriate, no suggestion is made of any sound business reason for choosing the name Rogers, rather than some unobjectionable name, for the new corporation.

Taking the defendants' answering affidavits in connection with the previous litigation, and in view of the failure of the defendants' affidavits to meet the sworn allegations of the bill, that Nichols owns a controlling interest and substantially all of the stock of the defendant corporation, the case as presented upon the hearing on motion for preliminary injunction is that, if the defendant Nichols may proceed in control of the Rhode Island corporation, this will amount practically to an evasion of the effect of the decree in the case against the Cohannet Silver Company.

The principal difficulty in the case arises from the fact that the complainant's moving affidavits contain many improper and irrelevant matters, and so much hearsay, that it is difficult to distinguish between those matters which properly bear on the present motion and those which have no legitimate connection with it. An affidavit of a detective is filed which is principally, if not wholly, incompetent.

The complainant offers an affidavit of H. O. Rogers, taken for use in the case brought against these defendants in the district of Massachusetts. This affidavit shows that in September, 1913, Nichols approached Rogers, who had been employed as a workman by manufacturers of silver-plated ware, and proposed the formation of a corporation to be called the "H. O. Rogers Silver Company"; that Nichols pointed out that the name "Rogers" could be stamped on the goods manufactured and a ready sale procured for them; that he stated that he would make the affiant president of the company and give him a few shares of stock; that the defendant H. O. Rogers Silver Company was incorporated under the laws of the state of Rhode Island in accordance with this proposal; that 85 per cent. of the capital stock was owned by Nichols and his wife, and money to finance the same was raised by Nichols by mortgage; that the affiant received 5 shares of stock; that the business office of the company is located at Taunton; that the affiant's position as president was purely nominal, he having no voice in the affairs of the company; that he knew nothing about the business of the office, and took no part in the management; that he received his wages and did his work like any other workman, and was not even a figurehead as an officer of the company.

This affidavit fully confirms what might be justly inferable from the undisputed facts as to the previous litigation, the control of the H. O. Rogers Silver Company by Nichols, and the absence of any justification for the choice of the name "Rogers," under the circumstances. The affidavit was taken to be used in a suit between the same parties in another jurisdiction. The question of its competency in the present case has not been discussed upon the briefs; on the contrary, the answering affidavits make reply to this affidavit. The reply is not convincing.

Upon the whole, I am of the opinion that the plaintiff's sworn bill and competent affidavits, and the defendants' answering affidavits, present a sufficient case to show that the H. O. Rogers Silver Company, is to such an extent a mere instrument for giving some color of justification to Nichols for the use of the term "Rogers" that a preliminary injunction is justified, regardless of the affidavit of Rogers. I am further of the opinion that, as there was no motion to strike out the affidavit of Rogers, and as reply was made thereto, and as it was taken for the purpose of being used in a suit between the same parties, that it may be received under these circumstances as additional evidence on the present motion.

[3] The defendants raise the defense of laches, but part of the time which has elapsed was spent in the endeavor to try out these issues with the individual defendants in the district of their residence.

In view of the grounds upon which the plaintiff was defeated in its efforts, I think the defense of laches is not made out. While the objection of the defendants Nichols and McIsaac to the jurisdiction over them as individuals seems to be well grounded, I am of the opinion that a proper case for a preliminary injunction against the defendant H. O. Rogers Silver Company is presented.

A draft decree, granting a preliminary injunction against the use of the name "Rogers" by the defendant corporation, its officers, servants, and agents, in connection with silver-plated ware, may be presented accordingly.