Jones, J.,
 

 dissenting. We are unable to agree with the conclusion of the majority and are of the opinion that the judgment of the lower courts, both trial and appellate, should be affirmed. In our judgment the majority have given an extremely strained and technical construction to the status of the three trustees. They are not adversary parties, nor interested persons, within the meaning of Section 11895, General Code. Messrs. Wil
 
 *194
 
 herding, Baehr and Cross are not adversary parties in fact; nor made so by the pleadings. The bill filed in the common pleas court was for involuntary dissolution of the corporation and for the appointment of a receiver. No relief whatever was suggested or asked as against the three trustees named. Had the attorney general, when he filed his bill in equity for dissolution, thought the trustees to be necessary or proper parties, he would have made them parties thereto and asked some relief against them.
 

 Are the trustees adversary parties? This is purely an action
 
 in rem,
 
 whereby the attorney general sought to place the property of the corporation
 
 in custodia legis.
 
 No relief was asked against a single individual; therefore, under the authorities, upon that feature, neither the stockholders, shareholders, or trustees, were necessary parties to the action for dissolution. Whatever position the trustees occupied in relation to the corporation, they occupied in a representative capacity, wherein they were in privity with the corporation. Any judgment against the corporation in a dissolution case would be binding upon the officers, agents, and trustees, although they were not made parties to the case.
 
 Wm. A. Rogers, Ltd.,
 
 v.
 
 H. O. Rogers Silver Co.
 
 (D. C.), 237 Fed., 887.
 

 Where a dissolution of a corporation is sought by a bill in equity, neither its shareholders, officers, or stockholders are necessary or proper parties to validate a judgment of dissolution and for the appointment of a receiver.
 
 Bristol, Iron & Steel Co.
 
 v.
 
 Thomas,
 
 93 Va., 396, 25 S. E., 110;
 
 El
 
 
 *195
 

 wood
 
 v.
 
 First Natl. Bank of Greenleaf, Kan.,
 
 41 Kan., 475, 21 Pac., 673.
 

 This principle is generally recognized by the courts where the bill for dissolution, as in this case, does not seek some affirmative remedy against-such officers, stockholders, or agent. It is conceded in this case that no such relief was asked against these trustees, and it is impliedly conceded by the attorney general that they were not necessary or adverse parties, since he did not make them parties or ask any equitable relief against them.
 

 In the case of
 
 Geer
 
 v.
 
 Mathieson Alkali Works,
 
 190 U. S., 428, 23 Sup. Ct., 807, 47 L. Ed., 1122, Mr. Justice McKenna, in a suit where the corporation had been made a party, states the principle thus, at page 434 (23 Sup. Ct., 810):
 

 “The directors and the treasurer are, therefore, not real parties to the suits, but merely nominal parties. No personal demand is made against any one of them, nor is any personal accounting asked from any one of them, and it is only in his relation to the company, and in the official position that he occupies toward the company, that any one of them is made a party. The test of this is, that, if any one of the directors or the treasurer were to resign his office, he would necessarily cease,
 
 ipso facto,
 
 to be a proper party to the suit, and the plaintiff would be obliged to make his successor in office a party, and so on with every change. * * * This would not be the case where he was made a party defendant, jointly with the corporation of which he was an
 
 *196
 
 officer, for the purpose of obtaining some specific relief against him on a personal liability,” etc.
 

 Thereupon the justice approvingly quotes the language of Blatchford, J., in
 
 Hatch
 
 v.
 
 Chicago, R.
 
 I.
 
 & P. R. Co., 6
 
 Blatch. C. C. R., 105, Fed. Cas., No. 6,204, to the same effect.
 

 It is apparent, therefore, both from the pleading and the conceded facts, that if the directors or officers of the corporation were not necessary parties, neither would the trustees have been necessary parties, as whatever title they secured could rise no higher than that of the directors or officers of the corporation who appointed them under Section 11972, General Code. But the opinion contends that they became parties when they asked leave to file their cross-petition. This argument overlooks the fact that the trustees had that order vacated and withdrew their cross-petition from the files before their appointment as receivers. This evidences the fact that they had no interest in and were not contesting the action for dissolution. The absurdity of relator’s argument is evinced by the relator attempting to make the trustees adversary parties, although they disclaim any interest and are indifferent to the dissolution. It is tantamount to an effort by a plaintiff to contrive a defense for a defendant, when the latter insists that he has none. The syllabus is the written law of the case adopted, by the court. It does not hold that the trustees were necessary or adverse parties. And in contending that they are such, the written opinion extends the law announced in the syllabus.
 

 Are they persons interested in an action within
 
 *197
 
 the meaning of the statute? What possible interest can Messrs. Wilberding, Baehr, and Cross have in this controversy? They withdrew their answer. They are no longer trustees, but receivers acting under the order of the court. Their appointment as receivers vacated their trusteeship. Therefore they had no interest as trustees when they were appointed. Neither of them is an officer, stockholder, or shareholder in the corporation; they do not constitute “persons interested in an action” as defined in Section 11895, General Code.
 

 Section 11895, General Code, reads:
 

 “No party, attorney, or person interested in an action, shall be appointed receiver, therein,” etc.
 

 It has been demonstrated that the trustees are not parties. It is conceded that they are not attorneys in the action. They do not now and never did contest the action for dissolution of the company. That they are not persons interested in the action is evinced by the fact .that relator did not make them parties thereto, or ask any relief against them. Furthermore, their answer and cross-petition was withdrawn without exceptions on the part of the relator. Section 11894, General Code, par. 6, provides that “a receiver may be appointed * * * in all other cases in which receivers heretofore have been appointed by the usages of equity.”
 

 This action was brought under that section. What were the usages of equity employed in cases of this character? . They are disclosed by the case of
 
 Perry
 
 v.
 
 Oriental Hotels Co.,
 
 5 L. R. Ch. App.
 
 *198
 
 Cas., 420. In that case the liquidator had been appointed by the company for its voluntary dissolution. Later a bill was filed and a receiver appointed. The company proposed the liquidator as receiver, but the judge in chambers appointed another. On appeal to the English Chancery Court, that court, in an opinion by Gifford, Lord Justice, held that “the liquidator, inasmuch as no personal objection was alleged against him, ought to have been appointed receiver, since the appointment of another person would cause great and unnecessary expense; and that this was a matter of principle, so that an appeal from the appointment by the judge would be entertained.”
 

 This same principle was later followed by the English chancery court in
 
 Tottenham,
 
 v.
 
 Swansea Zinc Ore Co.,
 
 53 L. J., Ch. Div. (N. S.), 776. There also a liquidator had been appointed to wind up the company concerned by the voluntary action of the company. Later a person other than the liquidator was appointed receiver. The high court of justice, speaking through one of its. judges, in discharging the receiver and appointing the liquidator in his stead, said:
 

 “In my opinion the principle established by the cases to which I have referred, is. a principle which ought to be applied here; and it will be a saving of expense, and will avoid difficulties which might arise between the official liquidator and the receiver, if I appoint one and the same person to act in both capacities.”
 

 The appointment of these men necessarily rested in the sound discretion of the court, and this discretion may not be interfered with unless there
 
 *199
 
 is a palpable abuse. In tbeir opinions the local courts have expressed the highest esteem for these three receivers, and no question is made that they are not highly qualified to conduct the affairs of the savings and loan company toward dissolution. By virtue of their close contact with and information relative to the business and accounts of this company, from March 10, 1924, they are peculiarly qualified for appointment as receivers, and if there could be an abuse of discretion it would lie rather in failing to appoint than in appointing these men as receivers. They have been engaged for over three months in the examination and adjustment of the company’s business, which was very much involved. To remove them at this time would require the appointment of new persons, and the doing of the receivers ’ wort anew, entailing additional court costs and expenses. This would necessitate not only further delay in closing the company’s affairs, but would inflict financial loss upon the creditors and shareholders of the Municipal Savings & Loan Company, a plight much to be deplored.
 

 Day, J., concurs in the dissenting opinion.