**Ralph Brothers Furniture Company, Appellant, *v.* Ralph et al.**

Argued January 29, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Israel Krohn,* for appellant.

*Russell C. Mauch,* of *Mauch & Goodman,* with him *Milton J. Goodman,* for appellees.

OPINION BY MR. JUSTICE BARNES, April 15, 1940:

The question before us is whether the defendants are guilty of unfair trade competition by the use of the name "Louis M. Ralph" and the surname "Ralph", in the title of the retail furniture business conducted by them in the city of Easton. Plaintiff seeks to restrain them from using or advertising these names in connection with their business, upon the ground that such use is calculated to mislead and deceive the buying public into believing that it is identical with the competing retail furniture business which plaintiff operates in the same city.

Following a hearing on bill and answer, findings were made by the chancellor substantially as follows: Defendant, Louis M. Ralph, and his brother Herman Ralph, as partners operated for twenty-eight years a

retail furniture store at 234 South Third Street in Easton, under the name of "Ralph Bros." In January 1929 the partnership was incorporated under the title of "Ralph Bros. Inc." and the partners assigned to the corporation, with other firm assets, the right to use the name Ralph Brothers as a part of the corporate name and the exclusive use of all trade marks, trade names and trade labels whether owned by the partnership or by the individual members of the partnership, and the goodwill of the business.

Ralph Bros. Inc. continued in business until January 1933 when receivers of its property were appointed by the United States District Court. Subsequently a sale of the assets of the corporation as a going concern was made by the receivers to a trustee acting for certain of the creditors. The latter organized the plaintiff corporation, "Ralph Brothers Furniture Company" to take over and carry on the operations of the former company. Throughout these proceedings Louis M. Ralph and Herman Ralph retained an interest in the business, and were made directors of the new corporation. They actively participated in its management until December 1936, when they severally sold to creditor banks all their right, title and interest in the property and assets of the company, and terminated their employment.

The record shows, and the court below found, that "for many years the business now known as Ralph Brothers Furniture Company was familiarly known as Ralph's," and by this shortened name was generally referred to in Easton and the vicinity.

Shortly after he sold his interest in, and retired from the corporation, Louis M. Ralph with his two sons, Harry W. and Arnold Ralph, who are here his co-defendants, established a competing furniture store, and since March 1937 have been trading under the name of Louis M. Ralph and Sons at 149 Northampton Street, in Easton. This name has been registered under the Fictitious Names Act, and it appears from the certificate

issued thereunder that the sons as partners are the owners of the business. The father is employed as manager, and receives a salary for his services, but possesses no other interest in the new enterprise.

The defendants have emphasized in their advertising the fact that Louis M. Ralph is associated with their store. They have sent postcards to his former customers and have carried his picture in their newspaper advertisements with references to his many years of experience in the furniture trade on South Third Street and with the statement that he is now located on Northampton Street. The slogan has been adopted, "The only store in Easton owned and managed by Ralph's." In neon lights above their place of business is prominently displayed the same abbreviated name.

The chancellor granted an injunction restraining defendants' use of the title "Ralph" or "Ralph's," since it tended to cause confusion as to the identity of the two concerns. He also ordered the defendants to remove the electric sign bearing the name "Ralph's" from their place of business, but refused to restrain the use of the name "Louis M. Ralph" or the surname in the partnership title. No exceptions to the decree were filed by the defendants, but plaintiff excepted to the court's refusal to grant the full relief prayed for in the bill. From the final decree and the dismissal of its exceptions by the court in banc, plaintiff appeals.

The principle is fundamental that an individual is entitled to the use of his own name in his business, unless he has by contract deprived himself of that right. In *Seligman v. Fenton*, 286 Pa. 372, 375, we recognized the rule that " 'Every man has the absolute right to use his own name in his own business, even though he may thereby interfere with and injure the business of another bearing the same name; provided he does not resort to any artifice, or do any act calculated to mislead the public as to the identity of the establishments, and to produce injury to the other beyond that which results from the

similarity of the names.' " See also *John H. Gates v. Gates Coal Co., Inc.,* 114 Pa. Superior Ct. 157, where the same rule is applied.*

In the present case the record supports the chancellor's conclusion that defendants have not attempted by imitation or artifice to confuse the identity of the two concerns, and that the name adopted by defendants is not so similar to that of plaintiff "as to mislead a reasonably observant customer." On the contrary, it is apparent that defendants have constantly endeavored to inform the public that the two establishments have no connection because of their desire to have the sole advantage of the personal reputation which Louis M. Ralph has established over a period of years as a furniture dealer in Easton.

Referring to a somewhat similar situation which was before us in *White v. Trowbridge,* 216 Pa. 11, we said (p. 22) : "In fact, the real difficulty in this case is that the plaintiffs have reason to fear, not that the public will be deceived, but that if the fact becomes known that defendant is engaged in the same business the public will purposely purchase the goods made by him for the reason that he was and is the originator of [the product] . . . In other words, what the plaintiffs really desire is protection from the business competition of the defendant, carried on openly and frankly by him under his own name. As we have already seen, this was something which they did not provide for under the terms of the written agreement when they purchased from him his interest in the business, and they cannot now be permitted indirectly to attain this end which they failed to stipulate expressly for in negotiating the purchase. . . ."

---

* See also *Singer Mfg. Co. v. June Mfg. Co.,* 163 U. S. 169; *The Le Page Co. v. Russia Cement Co.,* 51 F. 941; *Garrett v. T. H. Garrett & Co.,* 78 F. 472; *Vick Medicine Co. v. Vick Chemical Co.,* 11 F. (2d) 33; *De Nobili Cigar Co. v. Nobile Cigar Co.,* 56 F. (2d) 324.

It is urged that when the partners assigned to the original corporation, Ralph Bros. Inc., the use of the surname, together with all trade names and the goodwill, the effect thereof was to preclude Louis M. Ralph from permitting the use of his name by a competing business. But there is no provision in the contract to support this contention, and, in the absence of an express stipulation, it cannot be interpolated therein. Nor does the sale of the goodwill of a business involve an obligation upon the vendor to refrain from entering into a competing enterprise under his own name. See *Hall's Appeal,* 60 Pa. 458; *White v. Trowbridge,* supra.

We are in accord with the conclusion reached by the court below that there is no indication of bad faith in the fact that Louis M. Ralph has no ownership interest in the business which now bears his name. This is not a case where a person assigns the right to use his name to an establishment with which he has thereafter no connection. See *Juan F. Portuondo Cigar Mfg. Co. v. Vincente Portuondo Cigar Mfg. Co.,* 222 Pa. 116. Nor is it one in which a person is taken into a business, or given an interest therein, simply to furnish a plausible excuse for the use of his name. See *Wm. A. Rogers v. H. O. Rogers Silver Co.,* 237 F. 887; *De Nobili Cigar Co. v. Nobile Cigar Co.,* 56 F. (2d) 324. Here the defendant, Ralph, took an active part in organizing the new firm, and has been giving to it the benefit of his many years of experience. The testimony discloses that in the capacity of manager he directs its operations, and that his efforts on its behalf constitute his sole occupation. There is no suggestion that his employment is a subterfuge to obtain the use of his name, but on the contrary his knowledge and experience are the foundation of the business.

We see no reason to disturb the findings of the court below and the decree entered pursuant thereto.

Decree affirmed; costs to be paid by appellant.