### WILLIAM ROGERS MANUF'G CO. v. R. W. ROGERS CO. et al.

#### (Circuit Court, S. D. New York. February 28, 1895.)

1. TRADE-MARK—USE OF PERSONAL NAME—CORPORATION.
    The rule that the use of a personal name as a trade-mark will not be protected against its use in good faith by a defendant having the same name does not apply to the case of a corporation, which selects its own name, especially where it appears that the name was selected in order to mislead.

2. SAME.
    One W. R. adopted a trade-mark for use upon silver-plated ware manufactured by him, of which the name "R." formed the characteristic and important part. The use of such trade-mark was continued by R. and by the W. R. Co., his successor, for many years; and a high and valuable reputation was acquired by the goods manufactured by R. and the W. R. Co., bearing such trade-mark. One R. W. R., who had not been engaged in the manufacture of silver-plated ware, and was not known in the trade, except as a salesman, united with others in forming a corporation to which they gave the name of R. W. R. Co. and caused silver-plated ware to be manufactured for them, bearing a mark of which the name "R." was the characteristic and important part, and which might readily be mistaken for the mark of the W. R. Co. Held, that the use of the name "R. W. R. Co.," as a distinctive mark for silver-plated ware, would be enjoined.

This was a suit by the William Rogers Manufacturing Company against the R. W. Rogers Company, Frederick F. Spyer, Robert W. Rogers, William A. Jameson, and Samuel J. Moore, to enjoin the infringement of complainant's trade-mark. Complainant moved for a preliminary injunction on the bill and affidavits showing the following facts:

William Rogers, for a long time prior to 1865, was engaged in the manufacture of silver-plated ware. In 1865 he associated himself with others in a copartnership under the name of the William Rogers Manufacturing Company, and in 1872 a corporation under the same name was organized by him and his associates. The silver-plated ware manufactured by Rogers, the firm, and the corporation was uniformly of high quality, and acquired a high reputation. All such ware was marked with certain trademarks, in each of which the name "Rogers" was the characteristic and important part; and the goods came to be known in the market by such trade-marks, and as "Rogers" goods. The defendant Robert W. Rogers had been a salesman of silver-plated ware, but had never manufactured such ware, or been known to possess any special skill in its manufacture. The defendant Spyer was a dealer in silver-plated ware, chiefly of an in-

ferior quality. The defendants Jameson and Moore were officers of the Carter-Crume Company, a manufacturer of silver-plated ware. In 1891 Robert W. Rogers, Spyer, Jameson, and Moore organized the R. W. Rogers Company, and contracted with the Carter-Crume Company to manufacture for the R. W. Rogers Company silver-plated ware, of a quality inferior to that of the William Rogers Manufacturing Company's ware, which they caused to be stamped with marks in which the name "Rogers" was the characteristic and important part, and which might readily be mistaken for the marks of the William Rogers Manufacturing Company. It was charged in the bill that the sole purpose of the defendants, in associating Robert W. Rogers with them, and in giving his name to the corporation, was to mislead the public into supposing that their goods were the goods of the William Rogers Manufacturing Company.

C. E. Mitchell, for complainant.

C. H. Duell, for defendants.

LACOMBE, Circuit Judge. This case seems closely analogous to William Rogers Manuf'g Co. v. Rogers & Spurr Manuf'g Co., 11 Fed. 495, and not within the principle of William Rogers Manuf'g Co. v. Simpson, 54 Conn. 527, 9 Atl. 395. Although the use of a personal name as a trade-mark will not be protected against its use in good faith by a defendant who has the same name, the reason of the rule ceases, and the rule no longer applies, where the defendant, as in the case of a corporation, selects its own name; especially where it appears that such name is selected with an intention to mislead. The affidavits leave little doubt in my mind that the incorporators of defendant selected for it the name "R. W. Rogers Co.," not because the reputation of its stockholder R. W. Rogers was such that the use of his individual name would increase the chances of business success on its own merits, but because it would give a title so similar to the name in the original trade-mark that purchasers might be induced to buy defendant's goods in the belief that they were complainant's. Complainant may take a preliminary injunction against the use of the name "R. W. Rogers Co." as a distinctive mark on silver-plated goods. Should defendant decide to appeal promptly from this order, the court will entertain a motion to suspend operation of injunction pending appeal, upon defendant's stipulation to file a sworn statement of sales during such suspension.