### R. W. ROGERS CO. et al. v. WM. ROGERS MANUF'G CO.

(Circuit Court of Appeals, Second Circuit.    December 17, 1895.)

TRADE-NAME—INJUNCTION AGAINST USE.

A corporation which, by arrangement with one R. W. R., takes his name and stamps it upon articles sold by it, with the purpose of inducing the public to think that in purchasing such articles they are purchasing the product of another "R." company of established reputation, will be restrained from using such stamp.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Chas. H. Duell, for appellants.

Chas. E. Mitchell, John W. Alling, and Hiram R. Mills, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge.    This is an appeal from an order of the circuit court for the Southern district of New York, which enjoined, pendente lite, the defendant corporation from the sale of silver-plated tableware stamped with the mark, "R. W. Rogers Co.," upon the ground that the defendant had selected the name of Rogers as a part of its corporate name for the purpose of misleading the public. 66 Fed. 56. About 40 years ago, three brothers, by the name of Rogers, composed a firm in Connecticut under the style of Rogers Bros. This firm first applied the art of electroplating to the manufacture of silver-plated ware in this country, and acquired by steadfast integrity a high reputation for the sterling quality of their ware, and the name of Rogers Bros. stamped upon the back of the goods also obtained a widely extended reputation. The complainant, a corporation called the Wm. Rogers Manufacturing Company, is the successor of the business established in 1865 by William Rogers, one of these brothers, and has been since 1872 engaged in manufacturing and selling silver-plated ware, and has continued the trade-marks upon such goods which its predecessor adopted in 1866, viz. "1865, Wm. Rogers Mfg. Co.," and "Wm. Rogers & Son." It has also used since 1887 the following mark:    (Anchor) Rogers (Anchor).    Two other corporations acquired from one or more of these brothers the right to use the name Rogers also, and for a number of years last past the goods of these corporations, called in the speech of the public Rogers goods, have maintained a high character and a well-known reputation.    In 1879 or 1880 a corporation called the Rogers Silver-Plate Company was formed in New York City by Robert R. Rogers, one Brown, and one Boardman.    Rogers had been a salesman of silver-plated ware,

but was not a manufacturer. The corporation was formed so that an Albany manufacturer by the name of Strickland, and doing business as R. Strickland & Co., could use the name Rogers on his flat ware, and gain the advantage of the reputation which the name had in the market. For the use of his name Robert W. Rogers was given a fourth interest in the corporation. Some time thereafter Strickland and Rogers disagreed, and Rogers became a salesman of the goods made by the complainant. In the spring of 1894, H. H. Williamson, a salesman of James Dawson's silver-plated hollow ware, Robert W. Rogers, and Frederick F. Spyer, who had been selling flat and hollow silver-plated ware in Brooklyn for some years, and had been dealing mainly in cheap goods, formed a joint-stock company to sell silver-plated goods. The company had no capital. The Curtis-Crume Company, of Niagara Falls, is a large corporation, which carries on the department of its business pertaining to the manufacture and sale of silver-plated ware under the name of the Niagara Silver Company. After negotiations with other manufacturers, Rogers succeeded in inducing Samuel J. Moore, the secretary of the Curtis-Crume Company, and William A. Jameson, the manager of the Niagara Silver Company, to form with the stockholders of the R. W. Rogers Company a new corporation under the same name, and an arrangement was entered into between the Curtis-Crume Company and the R. W. Rogers Company by which the former manufactured silver-plated flat ware for the latter company, which ware bore the name of the said Rogers Company. Notwithstanding the generalities of the affidavits of Jameson and Moore, it is evident that the scheme was a reproduction of the old scheme, in which Rogers was engaged in 1880, by which he sold his name as a decoy, or permitted his name to be used for hire, to deceive the public.

There cannot be much controversy in regard to the aspect with which the law regards the state of facts disclosed in the affidavits. The fair and honest use of a person's own name in his ordinary and legitimate business, although to the detriment of another, will not be interfered with. A tricky, dishonest, and fraudulent use of a man's own name, for the purpose of deceiving the public, and of decoying it to a purchase of goods under a mistake or misapprehension of facts, will be prevented. Every case under this branch of the law of trade-marks turns upon the question of false representation or fraud. In this case Rogers helped to establish a corporation which took his name for the purpose of inducing the public to think that they were buying the well-known Rogers goods, and for the purpose of surreptitiously obtaining the advantage of the good reputation which other manufacturers had given to articles stamped with that name. The use by the defendant corporation of this name is not merely an injury to the complainant, but it is an intentional fraud upon the public. The difference in the result with which a court of equity follows an honest and a dishonest use of one's own name, although each use injured the person who had honestly acquired a use of the name as a trade-name, is shown in the valuable cases of William Rogers Manuf'g Co. v. Rogers & Spurr Manuf'g Co., 11 Fed. 498, and Same v. Simpson, 54 Conn. 527, 9 Atl. 395, where, as well as in Rogers v. Rogers, 53 Conn. 121, 1 Atl. 807, and 5 Atl. 675, a large number of

the reported cases upon this portion of the law of trade-marks are collected.

The order of the circuit court is sustained, with costs of this court.

WALLACE, Circuit Judge. I place my concurrence in the judgment in this cause upon the broad ground that a body of associates who organize a corporation for manufacturing and selling a particular product are not lawfully entitled to employ as their corporate name in that business the name of one of their number when it appears that such name has been intentionally selected in order to compete with an established concern of the same name, engaged in similar business, and divert the latter's trade to themselves by confusing the identity of the products of both; and leading purchasers to buy those of one for those of the other. No person is permitted to use his own in such manner as to inflict an unnecessary injury upon another. The corporators chose the name unnecessarily, and, having done so for the purpose of unfair competition, cannot be permitted to use it to the injury of the complainant.