### INTERNATIONAL SILVER CO. v. WM. G. ROGERS CO. et al.

(Circuit Court, D. Massachusetts. February 17, 1902.)

#### No. 1,508.

TRADE-MARKS—INFRINGEMENT—PRELIMINARY INJUNCTION.

Complainant, as the successor of the "Wm. Rogers Mfg. Co.," was engaged in manufacturing silver-plated ware, with a right to the use of the trade-mark "Wm. Rogers Mfg. Co." Defendants organized a corporation under the name of the "Wm. G. Rogers Company," using the trade-mark "Wm. G. Rogers." Wm. G. Rogers, its president, was a bank clerk, had never been engaged in manufacturing silver-plated goods, his only previous experience being limited to efforts to establish a business of selling ware stamped "Wm. G. Rogers," which had been crippled by various legal proceedings instituted by complainant. He had only 5 of the 100 shares of stock. Two other stockholders, holding between them

85 shares, had at one time manufactured silver-plated ware for the genuine "Wm. Rogers Mfg. Co." and for other concerns, and organized the new corporation for the purpose of continuing such manufacture. *Held* to conclusively show want of good faith on defendants' part, and that plaintiff was entitled to a preliminary injunction restraining them from making or selling ware stamped with the mark "Wm. G. Rogers."

In Equity.

Mitchell, Bartlett & Brownell and Hiram R. Mills, for complainant.

Elder, Wait & Whitman, for defendants.

COLT, Circuit Judge. This is a motion to enjoin the defendants against the use of the corporate name "Wm. G. Rogers Company" in the manufacture and sale of silver-plated tableware, and from making, marking, or selling silver-plated tableware stamped with the mark "Wm. G. Rogers." The complainant is the successor of the Wm. Rogers Manufacturing Company, and it has acquired the title to the business of that company, and to the trade-mark and trade-name, "Wm. Rogers Mfg. Co." The defendant, Wm. G. Rogers Company, is a corporation organized under the laws of Massachusetts on January 24, 1901. Its location is Greenfield, in that state. The corporation was constituted for the purpose of "the manufacture and sale of silverware and other articles of a like character." The amount of its capital stock is $10,000, divided into 100 shares of $100 each. The corporation was organized by the election of William G. Rogers as president and Walter E. Nichols as treasurer. The original incorporators and the directors and shareholders of the company are the defendants William G. Rogers, Walter E. Nichols, J. Henry Nichols, and Heman M. Purdy. Their subscriptions to the capital stock were as follows: William G. Rogers, 5 shares; Walter E. Nichols, 43 shares; J. Henry Nichols, 42 shares; and Heman M. Purdy, 10 shares. The whole question in this case is one of fact, and turns on the good faith of these defendants in organizing a corporation under the name of "Wm. G. Rogers Company" for the purpose of manufacturing silver-plated ware, and in making and selling spoons, forks, and knives having stamped upon them the mark "Wm. G. Rogers."

In one of the many cases concerning the Rogers trade-marks, the circuit court of appeals for the Second circuit, speaking through Judge Shipman, said:

"The fair and honest use of a person's own name in his ordinary and legitimate business, although to the detriment of another, will not be interfered with. A tricky, dishonest, and fraudulent use of a man's own name for the purpose of deceiving the public and of decoying it to a purchase of goods under a mistake or misapprehension of facts. will be prevented. Every case under this branch of the law of trade-marks turns upon the question of false representation or fraud. In this case Rogers helped to establish a corporation which took his name for the purpose of inducing the public to think that they were buying the well-known Rogers goods, and for the purpose of surreptitiously obtaining the advantage of the good reputation which other manufacturers had given to articles stamped with that name. The use by the defendant corporation of this name is not merely an injury to the complainant, but it is an intentional fraud upon the public."

In that case, Judge Wallace said:

"I place my concurrence in the judgment in this cause upon the broad ground that a body of associates who organize a corporation for manufacturing and selling a particular product are not lawfully entitled to employ as their corporate name in that business the name of one of their number, when it appears that such name has been intentionally selected in order to compete with an established concern of the same name, engaged in similar business, and divert the latter's trade to themselves by confusing the identity of the products of both, and leading purchasers to buy those of one for those of the other. No person is permitted to use his own in such manner as to inflict an unnecessary injury upon another. The corporators chose the name unnecessarily, and, having done so for the purpose of unfair competition, cannot be permitted to use it to the injury of the complainant."

R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 576–579, 70 Fed. 1017–1019.

Applying these principles to the case at bar, I think the following facts and circumstances conclusively show the want of good faith and honest purpose on the part of these defendants:

First. The use of the abbeviated form "Wm." instead of "William" in the name of the corporation, and in the mark placed upon the spoons, forks, and knives manufactured and sold.

Second. The relatively small subscription of five shares of the capital stock by William G. Rogers, and making him the president of the company.

Third. The history and calling of William G. Rogers. It appears that he resides in New York, and that he has been for years, and is now, a bank clerk in the Seamen's Bank for Savings of that city; that he has never been engaged in the manufacture of silver-plated goods, and is entirely wanting in knowledge, skill, or experience respecting such manufacture; that his only previous experience in this line was limited to his efforts in a small way to establish a business in New York of selling silver-plated ware stamped with his name, "Wm. G. Rogers"; that his New York business was seriously crippled by proceedings instituted by this complainant against the Bristol Brass & Clock Company, which stopped that company from manufacturing the silverware he was selling, and by notice of threatened proceedings to his principal customer, R. H. Macy & Co., which prevented further sales to that concern.

Fourth. The history of Nichols Bros., defendants, in relation to the manufacture of silver-plated ware. It appears that Nichols Bros. at one time had been engaged in the manufacture of silver-plated ware for the genuine "Wm. Rogers Mfg. Co." and for other concerns; that their desire to continue this manufacture induced them to organize the defendant corporation, and to name it "Wm. G. Rogers Company"; that the capital, plant, manufacturing facilities, knowledge, skill, and experience in the business were furnished by Nichols Bros.; that the management and conduct of the business is substantially in their hands, and that they own nearly nine-tenths of the company's stock.

Fifth. The corporate title of the defendant corporation, the "Wm. G. Rogers Company," closely resembles the "Wm. Rogers Mfg. Co."; the trade-mark "Wm. G. Rogers" closely resembles the

trade-mark "Wm. Rogers Mfg. Co."; and the similarity is so great as to deceive the ordinary purchaser.

From this statement of facts and circumstances, the inference, to my mind, is irresistible that the defendants have adopted the corporate name "Wm. G. Rogers Company" and have placed the mark "Wm. G. Rogers" upon the plated silverware manufactured and sold by the defendant company for the purpose of deceiving the public, and in order to compete in an unfair and illegal manner with the Wm. Rogers Manufacturing Company, of which the complainant is the successor. Following the rule laid down by Judge Shipman in the recent case of International Silver Co. v. Simeon L. & George H. Rogers Co. (C. C.) 110 Fed. 955,—a very similar case, involving the same trade-mark,—I will not, on motion for preliminary injunction, enjoin the corporation from any use of its corporate name, but an injunction may issue restraining the defendants from making, marking, selling, or in any manner disposing of silver-plated ware stamped with the mark "Wm. G. Rogers," or any other mark of which the words "Wm. Rogers" are a characteristic part. .

Motion for a preliminary injunction granted in accordance with this opinion.