# WM. A. ROGERS, LIMITED, v. INTERNATIONAL SILVER COMPANY. (1)

---

### TRADEMARKS; SURNAME.

1. A surname is not susceptible of exclusive appropriation as a trademark by anyone. Any man may use his own name in all legitimate ways, as the whole or a part of a corporate name. (Following *Wm. A. Rogers* v. *International Silver Co.* 30 App. D. C. 97.) The most a court will do where two individuals are entitled to use the same name is to correct any abuse by either of that right.

2. The Commissioner of Patents erroneously rejects an application for the registration of a trademark for silver-plated ware consisting of the name "Rogers," containing "1881" in numerals above and the words "Quadruple" and "New York" below, and on either side wreaths surrounding the letter "R," on the ground of deceptive similarity to the mark of a rival concern consisting of the same word with an anchor on either side, where both parties are entitled to the use of the word, although some confusion may arise because of its common use. (Distinguishing *Johnson* v. *Brandau*, 32 App. D. C. 348.)

3. In determining whether an opposition to the registration of a trademark should be sustained on the ground of deceptive similarity to the opposer's mark, the fact that the opposer has taken no steps against the applicant because of the use of the mark, and the fact that actual deception has not been shown, should be given weight. (Following *Gaines* v. *Knecht*, 27 App. D. C. 534.)

No. 585.  Patent Appeals.  Submitted January 11, 1910.  Decided February 1, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining the opposition to the registration of a trade-mark.                                                    *Reversed.*

The facts are stated in the opinion.

*Mr. Charles H. Duell, Mr. Frederic* **P.** *Warfield,* and *Mr. Holland S. Duell* for the appellant.

*Mr. John P. Bartlett* and *Mr.* **Geo. H.** *Mitchell* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In this appeal appellant, Wm. A. Rogers, Limited, seeks a reversal of the decision of the Commissioner of Patents sustaining the opposition of appellee, the International Silver Co., to the registration of a mark consisting of the word "Rogers," containing "1881" above and the words "Quadruple" and "New York" below, and on either side wreaths surrounding the letter "R."

The ground of the opposition is conflict between certain of appellee's marks and appellant's mark. The facts briefly stated are these: Wm. A. Rogers, the predecessor and present manager of appellant, established a silver-plated ware business in 1881. Twenty years later he incorporated his business. For several years prior to the filing of this opposition appellant sold goods under the mark for which registration is sought. The extent of these sales does not clearly appear, owing to the similarity of this mark and another mentioned in the testimony. In 1889 the appellee became the successor to the "Wm. Rogers Mfg. Co." In 1888 appellee's predecessor adopted and caused to be registered as one of its trademarks the word "Rogers," preceded and followed by an anchor. Appellee's predecessor also adopted as trademarks "Wm. Rogers Mfg. Co." and "Wm. Rogers & Son." Each of these marks has been in use by appel-

lee, since a time antedating the date of adoption of appellant's mark.

"Rogers" being a surname, it is not susceptible of exclusive appropriation as a trademark by anyone, since "any man may use his own name in all legitimate ways and as the whole or a part of a corporate name." *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118, 49 L. ed. 972, 25 Sup. Ct. Rep. 609; *Wm. A. Rogers* v. *International Silver Co.* 30 App. D. C. 97. The most the courts will do where two individuals are entitled to use the same name is to correct any abuse by either of that right. *Donnell* v. *Herring-Hall-Marvin Safe Co.* 208 U. S. 267, 52 L. ed. 481, 28 Sup. Ct. Rep. 288. Appellant's right to the use of the word "Rogers" has been judicially determined. *R. W. Rogers Co.* v. *Wm. Rogers Mfg. Co.* 17 C. C. A. 576, 35 U. S. App. 843, 70 Fed. 1017, 37 C. C. A. 358, 63 U. S. App. 782, 95 Fed. 1007.

The trademark act is framed with a view to obviate, so far as possible, the confusion naturally resulting in the use of the same name by individuals or corporations engaged in the same line of business, for it prohibits the registration of any mark consisting merely in the name of an individual, firm, or corporation, unless applied in some particular or distinctive manner or in association with a portrait of the individual. Each party to this proceeding having the right to use the word "Rogers," it becomes apparent that this inquiry is narrowed to the question whether the accessories employed by applicant, or, in the language of the statute, the particular and distinctive manner in which it has made use of the word, is deceptively similar to the particular and distinctive manner in which the opposer has made use of the word. In other words, conceding the right of each to use this name, has applicant differentiated its use from that of the opposer?

Of the three marks cited by the opposer, the one nearest like that of the applicant is that containing an anchor on either side of "Rogers." A comparison of this mark with applicant's mark, in the light of the foregoing observations, impels us to the conclusion that these marks are not deceptively similar. It cannot

be disputed that the ordinary observer would note a difference between the anchors of opposer and the wreaths inclosing the letter "R," the numeral "1881," "Quadruple" and "New York," as employed by the applicant. Doubtless some confusion may arise because of the common use of "Rogers" by these two concerns, but that is a matter with which we are powerless to deal. The fact disclosed by the record, that the opposer has taken no steps against the applicant because of its use of this mark, and that actual deception has not been shown, should be given weight here. *Gaines* v. *Knecht,* 37 App. D. C. 534.

*Johnson* v. *Brandau,* 32 App. D. C. 348, cited by appellee, contains nothing inconsistent with this opinion. In that case an attempt was made to register, as an essential feature of a mark, the descriptive word "Asbestos," and we held that since the word was nonregisterable, so also was the mark. Here "Rogers," if applied in a particular or distinctive manner, may be registerable. The distinction between the cases is obvious.

We rule that applicant's mark is not deceptively similar to that of appellee, and hence that it may be registered. It follows that the decision of the Commissioner must be reversed. The clerk will certify these proceedings as by law required.

*Reversed.*