## DE NOBILI CIGAR CO. v. NOBILE CIGAR CO.

### No. 2588.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

Maurice J. Moore, of New York City (Horatio E. Bellows, of Providence, R. I., on the brief), for appellant.

Anthony V. Pettine (of Pettine, Godfrey & Cambio), of Providence, R. I., for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

This is an appeal from a final decree of the District Court for the District of Rhode Island, entered May 15, 1931, enjoining the defendant, the F. G. Nobile Cigar Company, from using labels and bands in simulation of labels and bands used by the plaintiff upon its cigars.

The action was brought to restrain the appellee from selling cigars having affixed or attached thereto the word "Nobile" or any imitation or simulation of the word "Nobili" or "De Nobili" and from using any name, packages, labels, bands, marks, or devices likely to lead customers or consumers to mistake defendant's cigars for those of the appellant. In the District Court the defendant was enjoined from using certain styles of labels and bands found to be unfair to the appellant.

The plaintiff seeks to extend the scope of the decree of the trial court so as to restrain the defendant from using the name "F. G. Nobile Cigar Co." and "F. G. Nobile" in connection with cigars made by the defendant company, claiming that the name

"Nobili" is exclusively applicable to cigars made by the plaintiff.

The De Nobili Cigar Company is a corporation organized in 1912 and existing under the laws of the state of New York. It is a manufacturer of cigars known to the trade as Nobili cigars, and it and its predecessor in title, Prospero De Nobili & Co., have been engaged in such business since 1906. Its sales have been over one hundred million cigars per year for the last five years and more than half of them bore on the band and label the words "De Nobili Cigars." The plaintiff also manufactures other tobacco products which bear the name "De Nobili."

In 1928, it spent $44,000; in 1929, $30,000; and in 1930, $25,000, in advertising. All of its advertising featured the name "De Nobili." Since 1921 its cigars have been sold in Providence, R. I., at the rate of about three hundred thousand per month. They are known to the consumer and asked for at the retail stores as "Nobili" and other modified forms of the name.

The defendant is a corporation organized under the laws of the state of Rhode Island, October 4, 1928, by Francesco G. Nobile, and three associates under the name of "F. G. Nobile Cigar Company." The certificate filed by the corporation in the office of the secretary of state, January 17, 1929, pursuant to the general corporation laws of Rhode Island, is as follows:

"I. The total amount of stock to be issued is 190 shares of the par value of $50.00 each, amounting to $9500.

"II. The amount of such stock to be issued respectively:

"(a) For cash (if any) is 5 shares of common stock, at the following specified price per share, viz.: $50.00 amounting to $250.00.

"(b) For services (if any) is 105 shares of common stock, said services being of the following nature and character, viz.: 20 shares to Francesco G. Nobile for use of individual name for corporate name and for assisting in promoting the welfare of the corporation; 40 shares to Biagio Melaragno; 40 shares to Felice Melaragno and 5 shares to Amico Bifulci, for their respective services rendered in the formation and promotion of this corporation.

"(d) For Personal Property (if any) is 80 shares of common stock, said personal property being of the following description, viz.: 40 shares to Felice Melaragno and 40 shares to Biagio Melaragno for stock of tobacco, approximately 2,000 pounds, stock of cigars, approximately 150,000 cigars, stock of paper, boxes, machinery, etc., in premises No. 287 Pocasset Avenue, Providence, R. I., together with the good will of the business."

Paragraph 28 of the plaintiff's bill of complaint alleges that the defendant was incorporated using the name of "F. G. Nobile" as part of the corporate title solely to make use of the same in competition with the complainant; that Francesco G. Nobile at the time of such incorporation had no established reputation as a cigar manufacturer and was given a few shares of stock in the defendant corporation for the use of his name for the corporate name of the defendant, and that he exercises no control over the defendant corporation.

The defendant in its answer to paragraph 28 denies the allegations therein and says that the said Francesco G. Nobile is a person in being and a resident of the state of Rhode Island; that he with other persons were granted a charter under the name of F. G. Nobile Cigar Company; that he always has been the owner of twenty shares of the capital stock of the corporation of the par value of $50 each, and that he has always been the president of the corporation since its organization, and that, in addition thereto, he is a director and as such exercises control over its management.

Upon the trial of the cause in the District Court the defendants introduced no evidence. It rested its case at the close of the plaintiff's evidence.

The court found that the plaintiff through usage and exclusive advertising had established a good will in, and right to, the trade-name "De Nobili Cigars" and "De Nobili" as associated with tobacco products. It was also found that the name "Nobile" and "F. G. Nobile," if associated with labels, packages, or other wrappers similar to those heretofore used by the plaintiff in connection with tobacco products, are likely to deceive the public and unfairly appropriate the good will belonging to the plaintiff. The court also found that there was no evidence to justify a finding that there was either fraud or bad faith in connection with the choice of the name "F. G. Nobile Cigar Company" at the time of its incorporation, and that the defendant is entitled to use that name in making sales of its product both in connection with its advertising and upon the labels or other wrappers or containers of merchandise to be sold, provided that such wrappers and containers are in design and

color readily distinguishable from those in regular use by the plaintiff prior to the date of the commencement of this suit, and provided further that all such advertising, labels, and containers bearing the name "F. G. Nobile Cigar Co." shall also carry in clear type the words "of Providence, R. I." or such other clearly discernable designation affirmatively to negative any association with the "De Nobili Cigar Co. of New York."

Following these findings of fact the defendant was enjoined to the extent indicated above, and it is from this ruling that the complainant appealed.

The appellant contends that the decree is erroneous, because it does not enjoin the appellee from using the name "F. G. Nobile Cigar Co." or "F. G. Nobile," even though accompanied with other features stated in the decree and because of the approval by the court of certain labels which to some extent at least both in form and color simulate labels used by the appellant. The contention is set forth in complainant's assignment of errors, four in number, as follows: The trial court erred (1) in finding that the defendant is entitled to use the name "F. G. Nobile Cigar Co." and "F. G. Nobile" in making sales of its product and in connection with its advertising and upon its labels, wrappers, and containers; (2) in ordering, adjudging, and decreeing that the use by the defendant of certain designated labels are not to be deemed a violation of the decree; (3) in finding that there was no evidence of fraud or bad faith in connection with the choice of the name "F. G. Nobile Cigar Co.," at the time of its incorporation; (4) in not enjoining the defendant from using the name "F. G. Nobile Cigar Co." and "F. G. Nobile" in connection with its advertising and upon the labels, wrappers, and containers, even though the same were in design and color readily distinguishable from those regularly used by the plaintiff, and although such advertising and labels carried in clear type "Providence, R. I." or such other clearly discernible designation affirmatively to negative any association with De Nobili Cigar Company of New York.

The main points in issue in this court are (1) whether the defendant should be enjoined from using the name "F. G. Nobile Cigar Co." and "F. G. Nobile" in connection with its advertising and sale of cigars; and (2) whether there is sufficient dissimilarity between the labels, wrappers, and bands prescribed for its use by the trial court sufficiently to distinguish plaintiff's from defendant's cigars and protect the public.

As already stated, since 1906 the appellant and its predecessor in title have manufactured cigars which have been known by the name of "De Nobili Cigars" or "De Nobili," and by keeping this name conspicuously and persistently before the public, by labels on its boxes, signs and placards, and other forms of advertising, it has acquired a very large patronage for these cigars, so that the trade-name "De Nobili Cigars" has become a valuable asset. The evidence makes it clear that the definite thing which stands for the cigars made and sold by the appellant is the trade-name "De Nobili" and signifies the cigars made only by the De Nobili Cigar Company. Thus the origin of the article is indicated by the word which on the evidence is used in asking for and selling the article. When this is the case, the appearance of the package becomes of minor importance, for many people must call for the goods who have never seen the package, or have forgotten its appearance, or are careless or indifferent of all save that they wish that particular cigar known as "De Nobili." The appellant has appropriated the word "De Nobili" to indicate cigars made by it and has used it until it has come to have a secondary signification which we think is entitled to protection.

The general principles controlling cases of this character are well settled. The difficulty is to apply them to the particular facts of the case. If the defendant corporation did not bear the family name of "Nobile," there would be no doubt but that its use of the word "Nobile" in connection with a cigar made and sold by it would be prohibited upon the ground that the use of so arbitrary and meaningless a word applied to a cigar would be only with the dishonest intent to appropriate to itself some of the benefits resulting from the demand for the De Nobili cigars made and sold by the complainant.

On the facts in this case it is plain that, when the defendant went into the cigar business, its purpose was to use its adopted name to sell its products as and for the cigars made by the appellant.

The corporation was organized in 1928. Twenty shares of stock were issued to Francesco G. Nobile for use of individual name for corporate name and for assisting in promoting the welfare of the corporation. One hundred and seventy shares were issued to his associates. Felice and Biagio Melaragno were cigar manufacturers. Nobile was not. It is apparent that Nobile was taken into the corporation to furnish a plausible excuse

for using the name "Nobile" in connection with its manufacture of cigars. This becomes more apparent when we consider that the defendant adopted the style, colors, labels, and bands in use by the complainant. It put up and sold cigars with a ring or band affixed, consisting of a narrow strip of paper having narrow stripes of green, white, and red, bearing on the white stripes the words "F. G. Nobile Cigar" in red type of the same shade as the letters on appellant's band and bearing on the red stripe three star-like devices in white, so that it is practically an exact copy of the bands used by the complainant. It covered its boxes with a label practically the same shade of white, green, and red, having on the end panel a diagonal band with three stripes in green, white, and red with a circle in the center, and on the white stripes are the words "Sigari F. G. Nobile" in large block black type, practically the same as the black block type appearing on appellant's label. When these boxes are exhibited facing the purchaser, the words conspicuously showing are "Sigari F. G. Nobile."

The labels and bands emphasize a dishonest purpose by describing its product as that of "Sigari F. G. Nobile" and signing its advertising matter "F. G. Nobile Cigar Company."

When defendant was enjoined from using these very significant and indisputable indicia of a design to palm off its goods for those of its competitor, it did not change the color of its labels, but continued to use precisely the same shade of green, white, and red as that of the complainant's labels, but instead of the diagonal band of three stripes bearing the name "Sigari F. G. Nobile" in large black type it put the name "F. G. Nobile Cigar Co." in the same conspicuous type on a white background in the same location on the label and added "Providence, R. I." What it still does is to display the name "Nobile" very prominently so it appears to the view of the consumer when the closed boxes are on the shelves in the retail stores.

If the name were any other than "Nobile," it would have done, in connection with some changes in color of labels, all that could be required effectually to distinguish defendant's goods from those of the complainant; but "Nobili" is the word which sells the complainant's goods, and the word "Nobile" is conspicuously displayed on the defendant's label in direct association with the words "Sigari" and Cigar Company. It is the very conspicuous word "Nobile" in con-

nection with this particular product that makes for deception. The careful purchaser who reads the whole label and knows that F. G. Nobile is not the maker of the cigar he wants, but a company known as the F. G. Nobile Cigar Company, will not be misled by the conspicuousness with which "Nobile" is displayed on defendant's goods. But there are others who are likely to be misled in believing this to be the product of the complainant because of the association of the name "Nobile" with this article, and the evidence in the case does not leave this open as a mere matter of conjecture or probability. We find that this prominent display of trade-name so near in sound and appearance to the trade-name on complainant's product makes it clear that the defendant's product as put on the market does deceive (Celluloid Mfg. Co. v. Cellonite Mfg. Co. [C. C.] 32 F. 94, 101), and we are unable to get away from the conviction that the defendant was induced to go into the cigar business for the purpose of obtaining such advantages as it could from the fact that the surname of one of its incorporators was "Nobile."

Felice and Biagio Melaragno, previous to the formation of the corporation, had a cigar manufacturing business. They had equipment, raw material, and manufactured cigars. If they had already established a reputation as cigar manufacturers, there is no reason why they should not have continued in the business under their previously existing name. The evidence is indisputable that they were not satisfied with the business previously done and believed by taking in Nobile and adopting his name as the name for their cigars they would be enabled to acquire a portion of the trade built up by the De Nobili Cigar Company.

█ While it is true that every man has a right to use his own name in his own business, it is also true that he has no right to use it for the purpose of stealing the good will of his neighbor's business, nor to commit a fraud upon his neighbor, nor to trespass upon his neighbor's rights or property. It has been held, with reference to trade-marks, that a man has not the right to use even his own name so as to deceive the public, and cause a belief that he is selling the goods of another of the same name. In the case of Wm. Rogers Mfg. Co. v. Rogers & Spurr Mfg. Co. (C. C.) 11 F. 495, it was held that any one has the right to the use of his own name in business, but he may be restrained from its use, if he uses it in such a way as to appropriate the good will of a business already established by others of that name;

nor can he, by the use of his own name, appropriate the reputation of another by fraud, either actual or constructive. See, also, International Silver Co. v. Wm. Rogers Co. et al. (C. C.) 113 F. 526; Wm. Rogers Mfg. Co. v. R. W. Rogers Co. (C. C.) 66 F. 56. In this last case one R. W. Rogers who had not been engaged in the manufacture of silver-plated ware, and was not known in the trade except as a salesman, united with others in forming a corporation to which they gave the name of R. W. Rogers Co. and caused silver-plated ware to be manufactured for them, bearing a mark of which the name "Rogers" was the characteristic and important part, and which might readily be mistaken for the mark of the Wm. Rogers Mfg. Co. Lacombe, Judge, in his opinion at page 57 of 66 F., says: "Although the use of a personal name as a trade-mark will not be protected against its use in good faith by a defendant who has the same name, the reason of the rule ceases, and the rule no longer applies, where the defendant, as in the case of a corporation, selects its own name; especially where it appears that such name is selected with an intention to mislead. The affidavits leave little doubt in my mind that the incorporators of defendant selected for it the name 'R. W. Rogers Co.,' not because the reputation of its stockholder R. W. Rogers was such that the use of his individual name would increase the chances of business success on its own merits, but because it would give a title so similar to the name in the original trade-mark that purchasers might be induced to buy defendant's goods in the belief that they were complainant's." In the case R. W. Rogers Co. v. Wm. Rogers Mfg. Co. (C. C. A.) 70 F. 1017, 1018, another one of the many cases concerning the Rogers trade-marks, the Circuit Court of Appeals for the Second Circuit, speaking through Judge Shipman, said: "The fair and honest use of a person's own name in his ordinary and legitimate business, although to the detriment of another, will not be interfered with. A tricky, dishonest, and fraudulent use of a man's own name, for the purpose of deceiving the public, and of decoying it to a purchase of goods under a mistake or misapprehension of facts, will be prevented. * * * The use by the defendant corporation of this name in not merely an injury to the complainant, but it is an intentional fraud upon the public."

In the same case Judge Wallace said: "I place my concurrence in the judgment in this cause upon the broad ground that a body of associates who organize a corporation for manufacturing and selling a particular product are not lawfully entitled to employ as their corporate name in that business the name of one of their number when it appears that such name has been intentionally selected in order to compete with an established concern of the same name, engaged in similar business, and divert the latter's trade to themselves by confusing the identity of the products of both, and leading purchasers to buy those of one for those of the other. No person is permitted to use his own in such manner as to inflict an unnecessary injury upon another. The corporators chose the name unnecessarily, and, having done so for the purpose of unfair competition, cannot be permitted to use it to the injury of the complainant."

Corporations who do not inherit their names, but assume them voluntarily, ought not be permitted to use their assumed names for the express purpose of creating confusion and deception in the minds of the public and the displacement of the good will of another's business. J. & P. Coats v. John Coates Thread Co. (C. C.) 135 F. 177; Van Houten et al. v. Hooton Cocoa & Chocolate Co. (C. C.) 130 F. 600.

In Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 187, 16 S. Ct. 1002, 1009, 41 L. Ed. 118, the rule laid down by Mr. Justice White is that: "Every one has the absolute right to use his own name honestly in his own business, even though he may thereby incidentally interfere with and injure the business of another having the same name. In such case the inconvenience or loss to which those having a common right are subjected is damnum absque injuria. But although he may thus use his name he cannot resort to any artifice, or do any act calculated to mislead the public as to the identity of the business firm or establishment, or of the article produced by them, and thus produce injury to the other beyond that which results from the similarity of name." See Vick Medicine Co. v. Vick Chemical Co. (C. C. A.) 11 F.(2d) 33; Garrett et al. v. T. H. Garrett & Co. (C. C. A.) 78 F. 472; The Le Page Co. v. Russia Cement Co. (C. C. A.) 51 F. 941, 17 L. R. A. 354.

Applying these principles to the case at bar we think the facts and circumstances conclusively show the want of good faith and honest purpose on the part of the defendant. The inference is irresistible that the defendant adopted the corporate name of "F. G. Nobile Cigar Co." and placed the mark "F. G. Nobile" upon its cigars for the purpose

of deceiving the public, and in order to compete in an unfair and illegal manner with the De Nobili Cigar Company, hoping and expecting thereby to secure some portion of its lucrative trade which it had built up by long use and at great expense.

We are satisfied the use by the defendants of the name "Nobile" in its corporate name, and in the similarity between the dress adopted for its products and the dress of appellant's products were for the fraudulent purpose of representing its goods to be the goods of the appellant, and involved deceptive imitations of the appellant's trade-name, and that the court erred in not enjoining the defendant from using the name "F. G. Nobile Cigar Co." and "F. G. Nobile" as a part of the corporate name of the defendant in its business. In view of our decision that the injunction already granted should be extended to enjoin the defendant's use of the name Nobile; the question whether there is sufficient dissimilarity between the labels, wrappers, and band, the use of which has been approved by the court, to distinguish plaintiff's goods from those of the defendant, is not a matter for consideration by this court at this time. Charles E. Hires Co. v. Consumers' Co. (C. C. A.) 100 F. 809; Williams et al. v. Mitchell (C. C. A.) 106 F. 168.

The cause is remanded to the District Court, with directions to grant further injunctive relief not inconsistent with this opinion; the plaintiff to recover its costs.