ROGERS v. WM. ROGERS MANUF'G CO.

(Circuit Court of Appeals, Second Circuit. December 18, 1895.)

TRADE-NAME—INJUNCTION AGAINST USE.

The mere fact that one knows that cheap goods sold by him to the trade, stamped with his name, can and will be sold by dishonest dealers under representations that they are manufactured by a company of established reputation having a similar name, which manufactures a high class of goods, does not justify an injunction against the use of such stamp.

Appeal by the defendant from an order of the circuit court for the Eastern district of New York, which granted an injunction pendente lite against the defendant's causing to be manufactured or selling silver-plated ware stamped with the words "Wm. A. Rogers." The order was obtained upon the ground that by the use of this stamp upon the back of silver-plated ware the defendant was endeavoring to deceive the public into the belief that the goods were genuine Rogers goods, to the injury of the complainant. The history of the trade-name "Rogers," and the law upon the subject, have been briefly given in R. W. Rogers Co. v. Wm. Rogers Manuf'g Co. (which was decided at the present term) 70 Fed. 1017.

Wm. C. Beecher, for appellant.

Chas. E. Mitchell and Hiram R. Mills, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. William A. Rogers has sold for a number of years, in the city of New York, small hardware and cheap spoons. In July, 1894, he engaged R. Wallace & Sons Manufacturing Company, a manufacturer of silver-plated ware, to make for him and prepare for market teaspoons, tablespoons, and forks plated upon steel. They were put up in boxes of the ordinary size and shape used for similar ware, which were labeled, "Wm. A. Rogers, N. Y.," and the stamp "Wm. A. Rogers" was upon the back of each

article. They were called "Brunswick," and were the cheapest known grade of silver-plated ware. The manufacturer made and sold the same grade of goods at a very cheap price under the name of "Victoria." The defendant sold the Brunswick at a low price, but higher than the manufacturer asked for his Victoria, and for one-fourth or one-fifth of the price which the complainant obtains for its genuine Rogers goods. In October, 1894, Rogers stopped the manufacture of Brunswick goods, because they were too poor, and obtained goods which he named "Belmont," which were also of a low grade, but of a better quality than the Brunswick, and were labeled and stamped in the same way. There are indications in the affidavits that he was trading upon his own name to deceive the public. For example, in one of his letters, which gave his prices, and solicited business, he says, "These prices way below any of the Rogers now on the market, and you will find them, at these prices, big sellers." In another letter of the same kind he says, "Prices way below any Rogers goods on the market." On the other hand, he said in another letter, "In regard to saying they are as good as the other Wm. Rogers, I cannot say that, as neither is the price." He undoubtedly knew that the stamp could and would be used by dishonest peddlers and dealers in cheap ware to deceive customers, but the affidavits do not afford sufficient basis for a finding that he started in the business and used the stamp for the purpose of making the public believe that his washed-steel Brunswick goods were genuine Rogers goods. There are some indicia of an unworthy purpose to gain an advantage from a name well known to the purchasers of silver-plated ware, but the affidavits do not contain sufficient facts to justify the conclusion that Rogers was using his name unfairly and dishonestly in the business in which he was entitled to use it.

The order of the circuit court is reversed, with costs.