WM. ROGERS MFG. CO. v. ROGERS.

(Circuit Court, E. D. New York. January 31, 1898.)

No. 2.

TRADE-NAMES—INFRINGEMENT—UNFAIR COMPETITION.
　　One selling goods in packages prominently marked with his own name and initials, not collocated with other words tending to induce greater confusion than would naturally result therefrom, cannot be restrained by another of the same name, having a long-established business thereunder, even though the former expected that unscrupulous dealers would offer his goods as the goods of the latter.

This was a suit in equity by the William Rogers Manufacturing Company against William A. Rogers for alleged infringement of a trade-name. The cause was heard on a motion for preliminary injunction.

C. E. Mitchell, for the motion.
Wm. C. Beecher, opposed.

LACOMBE, Circuit Judge. Defendant's right to use the ordinary abbreviation of his name, "Wm. A. Rogers," was settled by the decision of the circuit court of appeals (17 C. C. A. 575, 70 Fed. 1019); and

in no instance does it appear that he has put up his goods, or offered them for sale, in any form of package which directly or indirectly describes them otherwise than as the goods of "Wm. A. Rogers." There seems very little doubt that he has availed of the similarity of name, which naturally tends to confound his goods with those of the original Rogers, who built up a valuable trade in plated ware years before defendant went into the business. But, so far as the mere name produces such confusion, plaintiff has no cause of complaint. It is a reasonable inference from all the testimony that defendant expected that unscrupulous dealers would offer his goods as those of one or other of the original manufacturers, whose name was well known to, and popular with, consumers. The two advertisements reproduced in complainant's brief are most persuasive to that conclusion. But both of those advertisements contain his own name in prominent type, and the statements, "Our goods are 'Rogers' goods," and "The genuine Rogers goods, as used by U. S. government," etc., are technically accurate. There are some points of resemblance between this case and those of Baker v. Sanders, 26 C. C. A. 220, 80 Fed. 889, and Hoff v. Tarrant, 22 C. C. A. 644, 76 Fed. 959, but there is not enough to warrant an injunction, so long as defendant's goods are packed and labeled with his own name, Wm. A. Rogers, not collocated with other words in such manner as to induce any greater confusion in the minds of purchasers than would naturally be produced by the use of such name. Motion denied.