McDONALD v. WILLIAMS. (Circuit Court of Appeals, Second Circuit.) Questions of law certified to the supreme court of the United States. See 19 Sup. Ct. 743, 174 U. S. 397.

---

UNITED STATES v. ISELIN et al. (Circuit Court of Appeals, Second Circuit. January 24, 1899.) No. 56. Appeal from the Circuit Court of the United States for the Southern District of New York. Henry C. Platt, for appellant. Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Affirmed, in open court, on authority of U. S. v. Stoddard, Hascrick, Richards & Co. (decided in First circuit) 91 Fed. 1005. See 87 Fed. 194.

---

UNITED STATES v. HARSHA. (Circuit Court of Appeals, Sixth Circuit.) Questions of law certified to the supreme court of the United States. See 19 Sup. Ct. 294, 172 U. S. 567; 6 C. C. A. 178, 56 Fed. 953; 92 Fed. 1023.

---

UNITED STATES v. HIRSCH et al. (Circuit Court of Appeals, Second Circuit. January 24, 1899.) No. 48. Appeal from the Circuit Court of the United States for the Southern District of New York. Henry C. Platt, for appellant. Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Affirmed, in open court, on authority of U. S. v. Stoddard (decided in First circuit) 91 Fed. 1005. See 87 Fed. 194.

---

WM. ROGERS MFG. CO. v. ROGERS. (Circuit Court of Appeals, Second Circuit. January 30, 1899.) No. 31. Appeal from the Circuit Court of the United States for the Eastern District of New York. Charles E. Mitchell, for appellant. Wm. C. Beecher, for appellee. Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. Order denying preliminary injunction is affirmed, with costs. 84 Fed. 639. WALLACE, Circuit Judge, concurring in the opinion of the court below, and SHIPMAN, Circuit Judge, dissenting.

---

WELSBACH LIGHT CO. v. NEW YORK CHEMICAL REFINING CO. (Circuit Court, S. D. New York. July 19, 1899.) Motion for preliminary injunction. John R. Bennett, for plaintiff. J. Aspinwall Hodge, Jr., for defendant.

LACOMBE, Circuit Judge. The Helouis process for treatment of lime crayons, which is relied upon as an anticipation in this case, seems quite different in object and result from that of the patent. Within the range of equivalents indicated by Judge Townsend in the Sunlight Incandescent Gas Lamp Case, 87 Fed. 221, the process of defendant is an infringement. Preliminary injunction accordingly.