# WM. A. ROGERS, LIMITED, *v.* INTERNATIONAL SIL-VER COMPANY.

TRADEMARKS; PROPER NAMES AS TRADEMARKS; DEMURRER; AFFIDAVITS; "TEN-YEAR USE."

1. A demurrer to an opposition to an application for registration of a trademark admits the allegations of the opposition in so far as facts, and not conclusions of law, are stated; and the demurrer cannot properly be supported by affidavit.

2. As an ordinary surname cannot be appropriated as a trademark to the exclusion of others of the same name, it follows that the rules of law relating to the similarity of technical trademarks cannot be applied to the use of such surname as a mark, notwithstanding the confusion that may result from its legitimate use by such others. The law relating to unfair competition may apply, under certain conditions, but not that of infringement.

3. The last proviso of sec. 5 of the trademark act of Congress of February 20, 1905 (33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1905, p. 670), was not intended to provide for the registration of technical trademarks, but permitted the registration of marks not in either of the classes prohibited by the section, if such marks were in actual and exclusive use as a trademark for ten years next preceding the passage of the act. (Following *Re Cahn*, 27 App. D. C. 173.)

4. The statement in an opposition to an application for registration of a trademark, that the mark of the applicant so closely resembles the marks of the opposer as to be calculated to confuse and deceive pur-chasers and the public generally, is a conclusion of law, which is not admitted by a demurrer to the opposition.

5. Where an application for the registration of the name "Wm. A. Rogers" as a trademark was opposed on the ground that the use of the name by the applicant on silver-plated and other ware had not been exclusive because it was a simulation of the marks of the opposer—"Wm. Rogers Mfg. Co." and "Wm. Rogers and Son"—similarly used, it was *held* that the sole use by the applicant of his name for ten years

was enough to constitute an exclusive use of the mark within the meaning of the last proviso of the trademark act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1905, p. 667), and to entitle him to registration of the name as a trademark; and that each party was entitled to use his own name, actually or legally acquired, without regard to the confusion that might result from similarity.  (Distinguishing *Re Cahn, supra.*) '

No. 400.    Patent Appeals.   Submitted May 15, 1907.   Decided June 4, 1907.

HEARING on an appeal by the applicant from a decision of the Commissioner of Patents sustaining an opposition to an application for registration of a trademark, and denying registration.                              *Reversed.*

The facts are stated in the opinion.

*Messrs. Warfield & Duell* and *Mr. Charles H. Duell* for the appellant.

*Mr. John P. Bartlett* and *Mr. George H. Mitchell* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appeal is from a decision of the Commissioner of Patents sustaining opposition to, and denying the registration of a trademark.

On May 25, 1905, Wm. A. Rogers, Limited, a corporation of the Province of Ontario, Dominion of Canada, applied for the registration of a trademark consisting of the words "Wm. A. Rogers," used in the manufacture and sale of silver-plated flat ware, hollow ware, and table ware.   It is displayed by stamping the ware, and by means of labels on packages and cases containing the same.   Continuous use was claimed since the year 1894.   Right to register is claimed under the proviso of the act of February 20, 1905, called the "ten-years clause."

After publication, opposition was filed by the International Silver Company, a corporation of the State of New Jersey. The allegations of the opposition are substantially:—

1. That it is engaged at Meriden, State of Connecticut, and elsewhere, in the manufacture of silver-plated table ware, and in its sale throughout the United States and in foreign countries.

2. That the Wm. Rogers Mfg. Co., a corporation organized in Connecticut in 1872, has been engaged since then in the manufacture and sale of silver-plated table ware.

3. That in May, 1899, the opposer became the successor to the business of said Wm. Rogers Mfg. Co., and became vested with its good will, including trademarks, and trademark rights, and has continued said business since said date.

4. That said Wm. Rogers Mfg. Co., for the purpose of identifying its wares, adopted and used from and after 1876 the trademarks "Wm. Rogers Mfg. Co." and "Wm. Rogers and Son," with and without certain prefixes; and opposer as its successor has used the same throughout the United States and in foreign nations. The conspicuous and characteristic feature of both of said marks being the words "Wm. Rogers."

5. That by reason of the long-continued association of said trademarks in the market with the products of opposer and its predecessor, and by reason of extensive advertisement, the same have become very widely known and valuable to opposer; and by reason thereof the goods bearing the same have come to be familiarly known in the market as "Wm. Rogers goods," and "Rogers goods," and the same are the essential part of the good will of opposer's business and are of great value, so that any injury thereto injures and destroys the value and profits of its said business.

6. That the trademark sought to be registered by applicant was adopted by William A. Rogers many years after the adoption by the Wm. Rogers Mfg. Co. of its trademarks aforesaid, that were subsequently acquired by opposer. That it so clearly resembles the marks of opposer that its registration will result in the confusion and deception of purchasers and the public

generally. And the said applicant has not the exclusive right to use said mark, but others, including opposer, have prior rights either in the identical form, or in such near resemblance thereto as might be calculated to deceive. That the original William A. Rogers was permitted to use said mark as against the prior use of the marks of opposer, only because it was his name, and he never had the right to any exclusive use thereof, except as he was permitted to use it as his own name concurrently with the use by opposer and others of similar marks.

Demurrer was entered to this opposition on the following grounds:

1. It does not appear that the trademark so closely resembles opposer's marks as to result in confusion or deception of purchasers.

2. It does not appear that the opposer will be injured or damaged by the applicant's registration, in that it does not appear that said trademark was not in the actual and exclusive use of applicant or its predecessor, from whom it derived title, for ten years next preceding the passage of the act of February 20, 1905.

Subsequently an affidavit of William A. Rogers, general manager of applicant, was filed, alleging certain facts relating to the use of the several trademarks by applicant, opposer, and others not in the combination of the latter. It is unnecessary to set this out, as it cannot be considered. The demurrer must stand as an admission of the allegations of the opposition in so far as they state facts, and not conclusions of law, and cannot be supported by the affidavit. The Examiner of Interferences, expressing the opinion that the similarity of the marks is so great as to produce confusion in the minds of the public, overruled the first ground of the demurrer. He sustained the second ground under his construction of the proviso of the act relating to ten years' prior use. On appeal to the Commissioner the decision of the Examiner on the second ground was reversed. The applicant electing to stand on its demurrer, a final decision was made on the two grounds that the similarity between the two marks is so close as to be likely to cause con-

fusion and deceive the public, and that the trademark of the applicant has not been in actual and exclusive use for ten years prior to the passage of the act. For these reasons, registration was denied.

From the opinion of Judge Shipman in *R. W. Rogers Co.* v. *Wm. Rogers Mfg. Co.* 17 C. C. A. 576, 35 U. S. App. 843, 70 Fed. 1017, it appears that about fifty or more years ago, in the State of Connecticut, Rogers Bros., a firm composed of three brothers, first applied the art of electro-plating to the manufacture of silver-plated ware in this country, and established and maintained a high reputation for the sterling quality of their wares. The name of "Rogers Bros.," stamped upon the back thereof, obtained a widely extended reputation. Since then, apparently, the surname "Rogers" has been used by many different persons, natural and artificial, in various collocations. The Wm. Rogers Mfg. Co.—predecessors of the opposer, as appears from the allegations of the opposition—was one of the early ones of these. William A. Rogers, a natural person, was another. Whether he is the same person who is the general manager of the applicant, Wm. A. Rogers, Limited, does not clearly appear; apparently he is. In 1894 he engaged a manufacturing firm to make silver-plated ware for him. This was stamped on the back, "Wm. A. Rogers," and put up in boxes of the ordinary size and shape for such ware, labeled "Wm. A. Rogers, N. Y." On a bill filed against him by the Wm. Rogers Mfg. Co., an injunction *pendente lite* was granted against his causing to be manufactured or selling silver-plated ware stamped with the words, "Wm. A. Rogers." On appeal, the circuit court of appeals for the second circuit reversed this order. It was said that, while there were indicia of an unworthy purpose to gain advantage from a name well known to the purchasers of silver-plated ware, the facts were not sufficient to justify the conclusion that he was using his name unfairly and dishonestly in the business in which he was entitled to use it. 17 C. C. A. 575, 35 U. S. App. 848, 70 Fed. 1019. In 1898 the Wm. Rogers Mfg. Co. filed another bill against William A. Rogers for alleged infringement of its trade-

mark, and moved for a preliminary injunction, which was denied by Lacombe, Circuit Judge. In a brief opinion he said that defendant's right to use the ordinary abbreviation of his name, "Wm. A. Rogers," had been settled in the former case (17 C. C. A. 575, 35 U. S. App. 848, 70 Fed. 1019); and that it did not appear that he had put up his goods, or offered them for sale, in any form of package describing them otherwise than as the goods of "Wm. A. Rogers." While he had, doubtless, availed himself of the similarity of name which naturally tends to confound his goods with those of the original Rogers, yet, so far as the mere name produces such confusion, the plaintiff has no cause of complaint. After reciting some of the facts relating to defendant's probable motives, he said there was not enough to warrant the injunction "so long as defendant's goods are packed and labeled with his own name, 'Wm. A. Rogers,' not collocated with other words in such manner as to induce any greater confusion in the minds of purchasers than would naturally be produced by the use of such name." 84 Fed. 639, Affirmed by 37 C. C. A. 358, 63 U. S. App. 782, 95 Fed. 1007.

The principle applied in those cases, between the predecessors of the parties to this opposition, and involving the same trade names, has been maintained by the Supreme Court of the United States. *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118, 49 L. ed. 972, 25 Sup. Ct. Rep. 609, and cases cited. That case involved the use of the name "Remington." The conclusion of the court was thus declared by Mr. Chief Justice Fuller: "We hold that, in the absence of contract, fraud, or estoppel, any man may use his own name, in all legitimate ways, and as the whole or a part of a corporate name." As an ordinary surname cannot be appropriated as a trademark, to the exclusion of others of the same name, it follows that the rules of law relating to the similarity of technical trademarks cannot be applied to the use of such surname as a mark, notwithstanding the confusion that may result from its legitimate use by such others. The law relating to unfair competition may apply, under certain conditions, but not that of infringement.

This brings us to the chief point of contention: Whether, under the last proviso of the 5th section of the trademark act, approved February 20, 1905 [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1905, p. 670], the appellant is entitled to have registration of the name "Wm. A. Rogers" by reason of its ten years' previous use as a trademark. The provision reads as follows:

"*And provided, further,* That nothing herein shall prevent the registration of any mark used by the applicant or his predecessors, or by those from whom title to the mark is derived, in commerce with foreign nations or among the several States, or with Indian tribes, which was in actual and exclusive use as a trademark of the applicant or his predecessors from whom he derived title for ten years next preceding the passage of this act."

The intention of Congress in adopting this proviso was declared in the recent case of *Re Cahn,* 27 App. D. C. 173, 177. Mr. Justice McComas, who delivered the opinion of the court, said: "The last proviso of this section, which was in the bill when it passed the House of Representatives, was amended in the Senate by twice substituting the word 'mark' for the word 'trademark,' and in inserting, in lieu of 'and lawful,' the word 'exclusive.' It is clear to us that these changes were made for the purpose of permitting the registration of marks which were not trademarks, but which had been actually used as trademarks by the applicants or their predecessors, from whom they derived title, and in which the user had acquired property rights for more than ten years next preceding the passage of the act. The last proviso of sec. 5, as amended and passed, was not intended to provide for the registration of technical trademarks, for such marks had been cared for elsewhere in this act. This proviso permitted the registration of marks not in either of the classes prohibited by this section, if such marks were in actual and exclusive use as a trademark for ten years next preceding the passage of the act. In respect of technical trademarks, this proviso was absolutely useless. It was intended to save the right of registration to the marks described in the pro-

viso. The section had prohibited the registration of immoral or scandalous matter and public insignia as trademarks, no matter how long the same had been before registered; and the proviso only extended the right of registration to marks not within either of the prohibited classes, if such marks had been in actual and exclusive use as a trademark during the ten years next preceding the passage of the act."

As the name of a person could not be appropriated as a technical trademark, but might, nevertheless, have been used by him as a mark to indicate the origin of his goods, it is, under this interpretation of the proviso, entitled to be registered if in actual and exclusive use as such a mark for more than ten years next preceding February 20, 1905. That this name, "Wm. A. Rogers," was so used by him, and by the applicant under right derived from him, is not denied in the allegations of the opposition, but is practically admitted. The exclusive right to its use only is denied, and that on the ground that it so closely resembles the marks acquired by the opposer from its predecessor, namely, "Wm. Rogers Mfg. Co.," and "Wm. Rogers and Son," as to be calculated to confuse and deceive purchasers and the public generally. This, of course, is a conclusion of law that is not admitted by the demurrer. As heretofore stated, this rule relating to similarity and simulation as applied in the case of recognized trademarks is not applicable to the names of persons legitimately used as marks for their goods. The Commissioner failed to recognize this distinction, and held that the use of the name by the applicant had not been exclusive because it was a simulation of marks of the opposer that had also been in use during the same period. As authority for his conclusion he quoted the following extract from the opinion in the *Cahn Case:* "The application in this case admits that the mark we are now considering is a simulation of the arms or seal of the State of Maryland, with variations, it is true, but still a simulation of the coat of arms of Maryland. The coat of arms of Maryland was never in the exclusive use of the applicants during any period, nor could the applicants ever acquire an exclusive use of a trademark of the State coat

of arms.  In the sense of this proviso, the applicants had the actual, but never had the *exclusive,* use of this simulation of the Maryland coat of arms, and for this reason the appellants' trademark sought to be registered does not come within the last proviso of the fifth section.  The appellants never could acquire such property right in the coat of arms of Maryland, or any simulation thereof, against the State of Maryland."

What was there said had relation to a different state of facts from those presented in this case.  The mark was not the name of the applicants or of any one of them, but a device claimed as a technical trademark.  It was, as said, nothing more than a simulation of the arms and seal of the State of Maryland.  As the applicants could not register it for that reason, they claimed the right to do so under the proviso because of its exclusive use by them as a trademark for more than ten years before the enactment of the statute.  But as it was of the nature of a technical trademark the exclusive right to the use of which was in the State of Maryland, it was held that they could not evade that exclusive right by using it in a slightly changed form. Here, however, the applicant was lawfully entitled to use the name "Wm. A. Rogers" as a mark upon his goods, though any other person of the identical name might also have used it upon his own goods.  But it was not made to appear that there was another Wm. A. Rogers making the same goods and using his name as a mark upon them during that time.   The sole use of his name for the time prescribed was enough, we think, to constitute an exclusive use of the mark within the meaning of the proviso.  The opposer did not show any right to use the mark or name "Wm. A. Rogers," but only those of "Wm. Rogers Mfg. Co." and "Wm. Rogers and Son."  In view of what has been heretofore said, it is unnecessary to consider whether, if these were all technical trademarks, the applicant's mark so closely resembles the others as to constitute an infringement. Each party is entitled to use his own name, actually or legally acquired, without regard to the confusion that may result from similarity.  No right of property will be concluded by the registration of appellant's mark.  All parties affected are free to

maintain whatever rights they may have in law or equity, in the courts having jurisdiction therein.

The decision will therefore be reversed; and this decision will be certified to the Commissioner of Patents as the law requires.  *Reversed.*