# JOAQUIN IBANEZ DE ALDECOA Y PALET ET AL. *v.* HONGKONG & SHANGHAI BANKING CORPORATION.

## APPEAL FROM THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 231.   Argued March 20, 21, 1918.—Decided April 29, 1918.

Mortgagors, in an action to foreclose, unsuccessfully pleaded in abatement their pending action to annul the mortgage, which had been submitted. *Held*, that the ruling, even if erroneous, became harmless in view of a judgment in the earlier action by which the validity of the mortgage was correctly sustained.

The court accepts the lower courts' interpretation of the Philippine law (Civil Code, Art. 1851) to the effect that mere failure of a creditor to sue when the obligation in whole or in part matures does not extend its term, and that to extinguish a surety's liability an extension must be based on some new agreement by which the creditor deprives himself of the right immediately to enforce his claim.

The judgment of the trial court is modified to correct a clerical error, appearing by the trial court's opinion and by concession of appellee's counsel.

30 Phil. Rep. 255, affirmed.

THE case is stated in the opinion.

Mr. *Antonio M. Opisso* for appellants.

Mr. *C. C. Tucker*, with whom Mr. *Alexander Britton*, Mr. *Evans Browne* and Mr. *F. C. Fisher* were on the briefs, for appellee.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This suit was submitted with No. 230, just decided, *ante*, 621. It was brought in the Court of First Instance of Manila to foreclose, among other purposes, the mortgage which that suit was brought to declare void. The defense in this case of Joaquin Ibanez and Zoilo Ibanez is based on the same ground that they alleged as a cause of action in the other case, that is, that the mortgage is a nullity because they were unemancipated minors when it was executed. This contention and the facts and legal propositions relevant to it are set out in No. 230 and need not be repeated. It was there decided that their emancipation was complete and legal and the mortgage executed by them therefore valid, the Civil Code providing for such emancipation not having been repealed or superseded by the Code of Civil Procedure—this being the basic contention.

Other defenses are, however, set up which were more or less mingled with defenses of other parties to the suit who are not here. Those special to Joaquin and Zoilo Ibanez were, as separated by the Supreme Court: (1) The pendency of another suit, and (2) a former judgment.

(1) Under this it was urged that the suit for the annulling of the mortgage (case No. 230) had been submitted for adjudication and had not been disposed of. Identity was hence asserted between the two actions and it was insisted that the second should have awaited the disposition of the first. The Supreme Court took a

different view, urged thereto by cases which it cited. But counsel say that if the mortgage had been declared null in the first action (No. 230) it could not have been foreclosed in the second (that at bar), as it would have encountered the plea of *res judicata*. If, however, the mortgage had been upheld in the first action the appellants would have been precluded from attacking it in the second. That the alternatives would have occurred may be conceded; one of them, indeed, has occurred and has demonstrated that appellants suffered no detriment from the ruling.

The appellant Isabel Palet assigns as error that the Supreme Court failed to hold (1) that her liability as surety of Aldecoa & Company had been extinguished in accordance with the provisions of article 1851 of the Civil Code, which provides that "The extension granted to the debtor by the creditor, without the consent of the surety, extinguishes the security." (2) Refused to order for her benefit that the property of the company should be exhausted before resort be had to her property for satisfaction of the bank's claim.

It will be observed at once that the defenses have some dependence upon questions of fact upon which the two courts below concurred. From article 1851 of the Civil Code, abstractly considered, nothing can be deduced. Both the trial and Supreme Courts held that "the mere failure to bring an action upon a credit, as soon as the same or any part of it matures, does not constitute an extension of the term of the obligation." And it was further held that the extension, to produce the extinction of the liability, "must be based on some new agreement by which the creditor deprives himself of the right to immediately enforce the claim." This interpretation of the local courts of the local law we defer to. The construction, moreover, expresses the rule that obtains in other jurisdictions.

As to the other assignment of error the court replied that Isabel Palet did not deny that as a member of the firm of Aldecoa & Company she was liable with the company and that, besides, the trial court had directed that the mortgaged properties, including the properties mortgaged by her, should be sold under foreclosure in the event the company should not pay into court the amount of the judgment within the time designated for the purpose.

Counsel for appellee, however, admits that by clerical error the judgment is made to run "against the company and Isabel Palet jointly and severally and does not in terms express the subsidiary character" of her liability, and he therefore does not oppose a modification of the judgment to conform to the opinion of the trial court, that is, "that save as regards the foreclosure of the mortgage no execution shall issue against Isabel Palet until after the exhaustion of the assets of the principal debtor [the company]—which, by the way," counsel adds, "is a mere formality, as there are no such assets available, Aldecoa & Company being notoriously insolvent, as stated by the Supreme Court in its decision." Opposing counsel may not be of this opinion and we therefore modify the judgment as indicated, and, as modified, it is

                                                        *Affirmed.*